**AMERICAN CYANAMID COMPANY, Plaintiff–Appellee,**

v.

**CAMPAGNA PER LE FARMACIE IN ITALIA S.P.A. and Cosprophar, Inc., Defendants–Appellants.**

No. 1122, Docket 87–9076.

United States Court of Appeals, Second Circuit.

Argued April 28, 1988.

Decided May 18, 1988.

**54**

Fernanda M. Fiordalisi, Garden City, N.Y. (Bucknam and Archer, Garden City, N.Y., of counsel), for defendants-appellants.

Marie V. Driscoll, New York City (Judith F. Horowitz, Townley & Updike, New York City, Stanley J. Silverberg, Wayne, N.J., of counsel), for plaintiff-appellee.

Before CARDAMONE, PRATT, and MAHONEY, Circuit Judges.

PER CURIAM:

Defendants Campagna per le Farmacie in Italia S.p.A. (Campagna) and Cosprophar, Inc. (Cosprophar) appeal from the November 24, 1987 opinion and order of the United States District Court for the Southern District of New York (Duffy, J.), reported at 678 F.Supp. 1049 (S.D.N.Y.1987), which granted plaintiff American Cyanamid Co.'s (Cyanamid) motion for a preliminary injunction and enjoined the defendants from using two trademarks in the United States during the pendency of the action. On March 2, 1988 we stayed the preliminary injunction pending this expedited appeal.

Cyanamid, a Maine corporation, owns the federally registered trademark MATERNA, which it has used since 1975 on vitamin and mineral preparations for pregnant women and new mothers. MATERNA vitamins are distributed and sold through Cyanamid's Lederle Laboratories Division and are available by prescription only. Campagna is an Italian corporation which manufactures and markets cosmetics for sale at pharmacies. In June, 1986 it began selling, through Cosprophar, a line of cosmetics in the United States designed for use by pregnant women and new mothers. This line is marketed under the mark MATERNITÀ and also incorporates the mark MATERNA. The cosmetics are sold over-the-counter at pharmacies. Cyanamid brought this action on October 7, 1987 alleging that Campagna's use of the marks constitutes: (1) infringement of trademark registration under § 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a) (1982), (2) false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (1982), (3) unfair competition under state common law, (4) dilution of Cyanamid's mark under N.Y.Gen.Bus.Law § 368–d (McKinney 1984), and (5) a deceptive practice under N.Y.Gen.Bus.Law § 349 (McKinney Supp. 1988).

In order ultimately to succeed on its Lanham Act claim, Cyanamid must demonstrate that Campagna's use of MATERNITÀ and MATERNA is likely to confuse customers as to the source of the product. 15 U.S.C. §§ 1114(1)(a), 1125(a) (1982); *see Mushroom Makers, Inc. v. R.G. Barry Corp.*, 580 F.2d 44, 47 (2d Cir.1978), *cert. denied*, 439 U.S. 1116, 99 S.Ct. 1022, 59 L.Ed.2d 75 (1979). To obtain its prelimi-

nary injunction, Cyanamid was required to demonstrate (a) irreparable harm, and either (b) a likelihood of success on the merits, or (c) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in Cyanamid's favor. *See, e.g., Home Box Office, Inc. v. Showtime/The Movie Channel Inc.*, 832 F.2d 1311, 1314 (2d Cir.1987); *LeSportsac, Inc. v. K Mart Corp.*, 754 F.2d 71, 74 (2d Cir.1985). In trademark cases, " 'a showing of likelihood of confusion as to source or sponsorship establishes the requisite likelihood of success on the merits as well as risk of irreparable harm.' " *Home Box Office*, 832 F.2d at 1314 (quoting *Standard & Poor's Corp. v. Commodity Exchange, Inc.*, 683 F.2d 704, 708 (2d Cir.1982)). To meet this burden, Cyanamid needed "only to raise a serious question of likelihood of confusion." *LeSportsac*, 754 F.2d at 79. The grant of a preliminary injunction will be reversed only if the district court abused its discretion. *Standard & Poor's*, 683 F.2d at 708.

■ Without resolving the merits of Cyanamid's claim, we affirm Judge Duffy's grant of a preliminary injunction in this case. The district court applied the correct legal standards. *See* 678 F.Supp. at 1052 (*Polaroid* factors). Both Cyanamid's and Campagna's products are available in pharmacies and are marketed to the same class of consumers—high income pregnant women and new mothers. Further, the MATERNITÀ and MATERNA marks are both prominently displayed in close proximity to one another on the labels of Campagna's products. In that connection we note that in their brief on appeal appellants state that they have offered to delete the word MATERNA. Were appellants actually to cease using that word on their products the result might well be different. However, the circumstances at present "raise a serious question of likelihood of confusion." Accordingly, Cyanamid met its burden of showing irreparable harm and a likelihood of success on the merits.

Having examined closely the record of the proceedings in the district court, we conclude that appellants' contention that the trial judge is biased and prejudiced against them is without merit.

In sum, the order granting Cyanamid a preliminary injunction is affirmed and our previously entered stay of the preliminary injunction entered on March 2, 1988 is vacated. The case is remanded to the district court for further proceedings.

The mandate shall issue forthwith.