The FORSCHNER GROUP, INC.
and Swiss Army Brands,
Ltd., Plaintiffs,

v.

B–LINE A.G. and Scientific Concept,
Inc., Defendants.

No. 95 Civ. 9860 (SAS).

United States District Court,
S.D. New York.

July 17, 1996.

Oliver P. Howes, Jr., Karen P. Clancy, Nims, Howes, Collison, Hansen & Lackert, New York City, for Plaintiffs.

Christopher M. DeFalco, Dodick & DeFalco, Morristown, NJ and Elizabeth Shieldkret, New York City, for Defendants.

### OPINION AND ORDER

SCHEINDLIN, District Judge.

Defendant Scientific Concepts, Inc. ("Scientific") moves: 1) to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6); or 2) to dismiss the fourth claim of the complaint pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(2) and 12(b)(6), and the remainder of the complaint pursuant to Rules 12(b)(7) and 19; or 3) to strike paragraphs 17 and 18 of the complaint. Defendant B–Line A.G., also known as Pointer Switzerland ("Pointer"), moves to dismiss the complaint under Fed. R.Civ.P. 12(b)(2), 12(b)(4), and 12(b)(5)[1], or, alternatively, joins Scientific's motion. For

the reasons set forth below, Defendants' motions are denied.[2]

## I. FACTS

### A. *Background*

Plaintiffs The Forschner Group, Inc. ("Forschner") and its wholly owned subsidiary, Swiss Army Brands, Ltd. ("Swiss Army") are Delaware corporations. *See* Complaint ("Compl.") ¶¶ 3–4. Forschner sells Swiss-manufactured SWISS ARMY brand watches throughout the United States. *Id.* ¶ 11. Swiss Army owns several U.S. registered trademarks: SWISS ARMY for watches, SWISS ARMY for sunglasses, OFFICER'S for watches, and a cross and shield design for watches. *Id.* Exs. B–E. All of the trademarks are valid and in full force and effect. *Id.* ¶¶ 11–12.[3] Plaintiffs claim that because of the "high quality and durability of the watches" and Forschner's diligence in advertising, distributing and selling the SWISS ARMY and OFFICER'S watches under the cross and shield design, the design and the trademarks have come to represent valuable good will symbolizing Forschner's reputation as a supplier of dependable goods. *Id.* ¶ 14.

Defendant Pointer is a Swiss corporation and Defendant Scientific is an Iowa corporation. *Id.* ¶¶ 6–8. In the past, Defendants have used the slogan "The legendary Swiss Army Knife NOW THE WATCH" and the terms "Officer" and "Officer Chronograph" as trademarks to sell watches. *Id.* ¶¶ 17–18. Plaintiffs warned Defendants that such use of the terms "Swiss Army" and "Officer" constitutes trademark infringement and unfair competition. *Id.* ¶ 19.

### B. *Settlement Agreement*

On September 23, 1995, wishing to avoid litigation, the parties entered into a "Settlement Agreement." Under the terms of the

---

1. Defendants' motion to dismiss the complaint for insufficiency of service of process on Pointer, a foreign corporation, is now moot. Pointer was properly served on January 15, 1996, in accordance with Fed.R.Civ.P. 4(f) and the Hague Convention On The Service Abroad Of Judicial And Extrajudicial Documents In Civil Or Commercial Matters, to which Switzerland is a signatory. *See* Affidavit of Peter S. Sloane, Plaintiffs' Counsel, Feb. 23, 1996.

2. Because Defendants' motion is denied, their request for attorneys' fees is not addressed at this time.

3. Plaintiffs' complaint is misnumbered; see both sets of paragraphs eleven and twelve.

Agreement, Defendants agreed not to use SWISS ARMY, OFFICER, or the phrase "Swiss Army knife" in any manner in connection with the sale of watches. *Id.,* Ex. A, Settlement Agreement ("Agreement") ¶¶ 1–2. They also agreed not to "represent in any manner that the watches offered for sale or distributed by ... them are approved or endorsed by the Swiss Armed Forces," *id.* ¶ 3, and not to "engage in any marketing activities such that the *total* impression created is that the [watches] are associated with Forschner." *Id.* ¶ 5 (emphasis added). In return, Forschner agreed to pay Pointer a sum of money and promised to "refrain from filing a suit for infringement and unfair competition against Scientific or Pointer so long as Scientific and Pointer abide by the terms and conditions of this agreement." *Id.* ¶¶ 6–7. Finally, all parties consented that the Agreement would be "governed by the laws of the State of New York" and that they would "submit to the jurisdiction of the courts of New York to resolve any dispute that may arise anywhere under [the] Agreement." *Id.* ¶ 11.

Recently, Pointer has begun to advertise and sell a watch described as "Swiss Airforce Sunpower Watch." *See* Compl. ¶ 21; Ex. F. A copy of page 24 of the *Lifestyle Fascinations* mail order catalog, the Early Winter 1995 edition, is attached to the complaint. The copy of the photograph of the watch shows that the watch bears the word "AIRFORCE" and a white cross in a red circle design on the watch casing, and the words "POINTER Switzerland" on the face of the watch. Next to the watch are the words "Made by Pointer®." *See* Compl. ¶¶ 20–22, Ex. F. Additionally, on or about September 24, 1995, Scientific applied to the U.S. Patent and Trademark Office to register the trademarks "SWISS COLONEL" and "SWISS SCOUT" for watches and pens, and "SWISS COMMANDER" for pens.[4]

### C. *Complaint*

On November 21, 1995, Forschner filed a complaint against Scientific and Pointer alleging that: 1) Defendants' use of "Swiss Airforce" in connection with watches constitutes trademark infringement and violates 15 U.S.C. § 1114, because this phrase so resembles Plaintiffs' registered trademark SWISS ARMY that it is likely to cause confusion, deception or mistake; 2) Defendants' use of "Swiss Airforce" and/or "AIRFORCE" in connection with watches constitutes trademark infringement and violates 15 U.S.C. § 1125(a), as it is a "false designation of origin or sponsorship [implying] an association of defendants' goods with plaintiffs' and plaintiffs' trademark SWISS ARMY," causing consumers to mistakenly believe that Defendants' watches are distributed by or under Plaintiffs' authority; 3) Defendants' acts constitute unfair competition; 4) Defendants have embarked upon a scheme to unfairly compete with Plaintiffs and to trade upon their good will by imitating Plaintiffs' registered trademark SWISS ARMY and OFFICER'S, by using, in connection with watches, and applying to register, the word "Swiss" combined with titles of army officers—"Colonel," "Commander," and "Scout"—causing confusion, deception and mistake; 5) Defendants' use of "Swiss Airforce" dilutes the distinctive quality of Plaintiffs' SWISS ARMY trademark and blurs the affirmative association between SWISS ARMY and Plaintiffs' products, in violation of N.Y.Gen. Bus.Law § 368–d regarding dilution; and 6) Defendants have breached ¶ 5 of the agreement of February 23, 1995, by combining "Swiss Airforce" and/or "AIRFORCE" with a cross within a circle design in imitation of Plaintiffs' SWISS ARMY trademark, creating a "total impression that defendants' watches are associated with plaintiffs." Compl. ¶ 54.

Plaintiffs seek to enjoin Defendants from: 1) using "Swiss Airforce" and/or "AIRFORCE" in connection with watches; 2) using the cross within a circle design, or any other imitation of Plaintiffs' cross and shield trademark; 3) using and registering as trademarks "Swiss Colonel," "Swiss Scout," and "Swiss Commander" in connection with watches and/or pens; 4) representing that their watch is a SWISS ARMY watch; 5) competing unfairly with Plaintiffs; and 6) breaching the Agreement of February 23, 1996. Plaintiffs also ask the Court to order

---

4. Plaintiffs are opposing these applications. *See* discussion in Part II, B.

Scientific to withdraw its trademark applications for the marks "Swiss Colonel," "Swiss Scout" and "Swiss Commander." [5] Finally, Plaintiffs ask the Court for costs and reasonable attorneys' fees under 15 U.S.C. § 1117.

## II. DISCUSSION

### A. *Motion to Dismiss under Rule 12(b)(6)*

#### 1. *Legal Standard*

On a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), "the court must accept the material facts alleged in the complaint as true." *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir.1994). The court must also draw factual inferences in favor of the non-moving parties. *See Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991). The court determines the adequacy of the complaint by "the facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and . . . [by] matters of which judicial notice may be taken." *Id.; see also* Fed.R.Civ.P. 10(c); *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 69–70 (2d Cir.1996); *Furman v. Cirrito*, 828 F.2d 898, 900 (2d Cir.1987). The complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

#### 2. *Analysis*

■ Scientific contends that under ¶ 7 of the Agreement, Plaintiffs' suit must be dismissed because Plaintiffs have not proven a breach of the Agreement. At the pleading stage, however, Plaintiffs do not have to prove existence of the breach; rather, they must merely allege facts sufficient to permit

an inference of its existence. Plaintiffs have done so. They have alleged that Defendants are marketing watches with names and logos similar to those of the Plaintiffs, which may mislead consumers into believing that Defendants' watches are associated with the Plaintiffs in violation of ¶ 5 of the Agreement. They have also alleged that Defendants are marketing a "Swiss Airforce Sunpower Watch," a designation which suggests sponsorship of the watch by the Swiss Airforce, in violation of ¶ 3 of the Agreement. On the basis of these allegations, the complaint is sufficient to withstand a motion to dismiss.

### B. *Motion to Dismiss the Fourth Claim of the Complaint*

■ Next, Scientific argues that this Court must dismiss the fourth claim of the complaint because the Court lacks subject matter jurisdiction over that claim. Scientific contends that Plaintiffs may not oppose its registration of the trademarks "Swiss Colonel," "Swiss Scout," and "Swiss Commander" in this Court, but must instead bring an opposition action in the Patent and Trademark Office ("PTO"), as set forth in 15 U.S.C. § 1063.

■ However, section 1063 is not an exclusive remedy for a party who fears being damaged by a competitor's mark. The statute provides that "[i]n any action involving a registered mark the court may determine the right to registration . . . and otherwise rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119. Because Plaintiffs own registered trademarks "SWISS ARMY" and "OFFICER," this is an action involving a "registered mark." Furthermore, the doctrine of primary jurisdiction [6] does not apply in this

---

5. Under 15 U.S.C. § 1063, Plaintiffs may oppose Defendants' registration of the offending trademarks in the Patent and Trademark Office. Under 15 U.S.C. § 1119, Plaintiffs may also resort to the courts to resolve a registration dispute. See discussion in Part II, B.

6. The doctrine of primary jurisdiction applies "whenever enforcement of the claim requires the resolution of issues, which . . . have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the

administrative body for its views." *United States v. Western Pac. R.R.*, 352 U.S. 59, 64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126 (1956); *see also Goya Foods, Inc. v. Tropicana Products, Inc.*, 846 F.2d 848, 851 (2d Cir.1988). The doctrine recognizes that agencies possessing specialized expertise are better suited to resolve certain intricate technical issues and to ensure a "[u]niformity and consistency in the regulation of business entrusted" to them. *See Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290, 303–304, 96 S.Ct. 1978, 1987, 48 L.Ed.2d 643 (1976) (quoting *Far East Conference*

case because the issue of registrability is not uniquely within the PTO's expertise. In trademark infringement and unfair competition cases, courts routinely perform essentially the same function as the PTO in deciding if competitors' marks are confusingly similar.[7] *See Goya Foods, Inc. v. Tropicana Products, Inc.*, 846 F.2d 848, 850 (2d Cir. 1988); *American Cyanamid Co. v. Campagna Per Le Farmacie in Italia*, 678 F.Supp. 1049, 1054–55 (S.D.N.Y.1987), *aff'd*, 847 F.2d 53 (2d Cir.1988). Accordingly, this Court is competent to adjudicate the fourth claim of the complaint and need not defer to the PTO. *See Sterling Drug, Inc. v. Bayer AG*, 14 F.3d 733, 743–44 (2d Cir.1994) (district court did not err when it determined, independently of the PTO, that there was a likelihood of confusion between plaintiffs' and defendants' marks).

## C. Motion to Dismiss for Lack of Personal Jurisdiction

■ Both Defendants argue that this Court has no personal jurisdiction over Pointer. However, Pointer signed the Agreement, which provided in ¶ 11 that "the parties agree to submit to the jurisdiction of the courts of New York to resolve any dispute that may arise anywhere under this Agreement." Compl., Ex. A. The Supreme Court has stated that forum selection clauses are "prima facie valid and should be enforced" unless the resisting party can show that enforcement would be "unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972).

■ Pointer does not claim that the clause resulted from fraud or overreaching. In-

stead, Pointer argues that this court lacks jurisdiction because the phrase "courts of New York" means state courts of New York. Pointer's argument is unconvincing. When parties wish to restrict their choice of forum narrowly, they do so explicitly. *See Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir. 1988) (parties vested jurisdiction in "the Supreme Court of the State of New York"); *Luce III v. Edelstein*, 802 F.2d 49, 57 (2d Cir.1986) (parties conferred exclusive jurisdiction "upon the Supreme Court of the State of New York, County of New York"). Because Pointer did not insist on such specificity, it has consented, as is its right, to this Court's jurisdiction by signing the agreement. *See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703, 102 S.Ct. 2099, 2105, 72 L.Ed.2d 492 (1982) (holding that "personal jurisdiction represents ... an individual right ... [and can], like other such rights, be waived" or consented to).[8]

## D. Motion to Strike ¶¶ 17 and 18 of the Complaint Pursuant to Rule 12(f)

### 1. Standard

■ When deciding a Rule 12(f) motion "courts should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir.1976). Motions to strike are disfavored "and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter." *von Bulow by Auersperg v. von Bulow*, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987) (quoting *Schramm v. Krischell*, 84 F.R.D. 294, 299 (D.Conn.1979)); *see also Werner v. Satterlee*, 797 F.Supp. 1196, 1210 (S.D.N.Y.1992).

v. United States, 342 U.S. 570, 574–75, 72 S.Ct. 492, 494–95, 96 L.Ed. 576 (1952)).

7. 15 U.S.C. § 1052(d) (1976 & Supp.1996) provides that the PTO may refuse registration of a mark if it is "likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive."

8. Pointer's due process argument based on *Asahi Metal Ind. Co. v. Superior Court of California, Solano County*, 480 U.S. 102, 114, 107 S.Ct.

1026, 1033, 94 L.Ed.2d 92 (1987) lacks merit (courts should consider unique burdens of foreign defendants when considering reasonableness of extending personal jurisdiction). Pointer knowingly signed the Agreement containing the forum selection clause. It willingly submitted itself to the jurisdiction of this Court. Pointer can claim neither surprise nor unfairness as a result of being hailed into federal court in New York state.

### 2. *Analysis*

Scientific moves to strike paragraphs 17 and 18 of the complaint as immaterial and prejudicial.[9] However, these paragraphs provide background information on the parties, their business and their relationship to each other. Because this information is related to the subject matter of the suit, and is not unduly prejudicial, the motion to strike is denied.

## CONCLUSION

Defendants' motions to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1), (2), (4), (5), (6), and 19, or to strike paragraphs 17 and 18 of the complaint are denied.

SO ORDERED.

9.  "Defendants have previously used the phrase 'The legendary Swiss Army Knife NOW THE WATCH.'" Compl. ¶ 17.

"Defendants have also previously used as a trademark the terms 'Officer' and 'Officer Chronograph' to sell watches." Compl. ¶ 18.